**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Davon Chadewick White,<br><br>Plaintiff,<br><br>v.<br><br>Pornhub, et al.,<br><br>Defendants. | No. CV-26-00548-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. (Doc. 2).

**I.    Legal Standards**

**A.    Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [in forma pauperis] IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

The Court may also, "consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023), *cert. denied sub nom. Hymas v. Dep't of the Interior*, 144 S. Ct. 2604 (2024). The Court may also impose a partial filing

fee. *Id.* at 767.

**B.     Screening – 28 U.S.C. § 1915(e)(2)**

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

Because Plaintiff has moved to proceed in forma pauperis, the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served.

**II.     Discussion**

**A.     Ability to Pay**

In his motion, Plaintiff claims to have no income, but states he has a 13,300.00 certificate of deposit. (Doc. 2). Plaintiff claims to have approximately $600.00 in monthly expenses. Plaintiff gives no explanation of how he pays for those expenses. Plaintiff claims he has been "homeless" for the last 13 years. The Court finds Plaintiff cannot pay the filing fee and still afford the necessities of life. Thus, the motion to proceed in forma pauperis will be granted.

**B.     Screening**

Plaintiff did not write out his claims in his complaint. (Doc. 1 at 4). Instead, he attached a document. (Doc. 1 at 6). The attached document appears to be a demand letter written to one of the Defendants. It does not set out counts, causes of action, or legal theories against any Defendant. (Doc. 1 at 6-8).

In summary, Plaintiff alleges in his complaint that he made adult videos of himself and posted them on Defendant Pornhub's platform. (*Id*.). This allegation is the factual premise on which Plaintiff bases his entire complaint. Plaintiff then makes a series of seemingly irrelevant statements throughout the complaint. (*Id*. (stating, for example, "Again, Happy New Year, 2026.")).

As far as the Court can determine, Plaintiff's major "complaint" is that his videos are no longer accessible because of State age verification laws that have been enacted. He seeks, "$3 million and my videos to be immediately released forever." (*Id*. at 8).

In essence, Plaintiff complains that Defendants are complying with an Arizona law that requires age verification to access adult content. *See* Ariz. Rev. Stat. § 18-701 (2025). The United States Supreme Court has upheld a similar age verification law finding such a law does not violate the First Amendment. *Free Speech Coalition, Inc. v. Paxton*, 145 S. Ct. 2291 (2025). Thus, Arizona's law is analogously valid, and Plaintiff does not state a claim against Defendants for their actions in complying with the law.

This defect in the complaint cannot be cured by amendment. Futility of amendment alone is a basis for the Court to not grant leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Additionally, the Court notes that, per Plaintiff's complaint, all three Defendants are based in foreign countries. (Doc. 1 at 7 (stating that Defendants' primary offices are in Cyprus, Canada, and the Czech Republic respectively). In screening a complaint under 28 U.S.C. § 1915(e)(2), it is appropriate for this Court to also screen the complaint for personal jurisdiction and venue. *Murray v. King Cnty. Ct.*, No. 3:23-CV-01899-AR, 2024 WL 169681, at *1 (D. Or. Jan. 16, 2024); *Packwood v. County of Contra Costa*, Case No. 3:22-

cv-0219-ART-CLB, 2023 WL 2349390, at *3 (D. Nev. Mar. 2, 2023).  Here, Plaintiff has made no allegations about Defendants' contacts with this forum that would give this Court personal jurisdiction over any of the Defendants.  Thus, even if Plaintiff could state a claim, personal jurisdiction appears to be lacking as to each Defendant. For this alternative reason, any amendment to the complaint against these Defendants is likely futile.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this case is dismissed, and the Clerk of the Court shall enter judgment accordingly.

Dated this 3rd day of February, 2026.

James A. Teilborg
Senior United States District Judge