**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Davon Chadewick White, | No. CV-26-00548-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Pornhub, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Have Judge Removed for Misuse of Law (Doc. 12). No response has been filed, and none is required because no defendant has been served in this action. The Court now rules.

## I.    BACKGROUND

Plaintiff Davon Chadewick White ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Complaint on January 29, 2026 against Pornhub, Xhamster, and Xvideos—three adult content platforms based in foreign countries—alleging that his videos were no longer accessible due to state age verification laws. (Docs. 1, 2). On February 3, 2026, the Court granted Plaintiff's application to proceed in forma pauperis and dismissed the action on screening. (Doc. 5). Judgment was entered that same day. (Doc. 6). Plaintiff subsequently filed a Motion to Set Aside/Vacate Dismissal or Reopen Case (Doc. 9), which the Court denied on February 18, 2026. (Doc. 11). In that same Order, the Court struck Doc. 8 from the record and directed the Clerk to seal it. (Doc. 11).

On February 20, 2026, Plaintiff filed the pending Motion, requesting that the

undersigned be removed from this case "for misuse of law," that Doc. 8 be "unstricken," and that the case proceed before a new judge. (Doc. 12).

## II.    LEGAL STANDARD

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Under both, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). In all but the rarest of cases, the alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544–56 (1994).

Whether to grant or deny a motion for recusal is a matter within the Court's discretion. *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). A recusal motion is a serious matter, "strik[ing] at the integrity of the judicial process." *In re Int'l Bus. Mach. Corp.*, 618 F.2d 923, 927 (2d Cir. 1980). It is vital to the integrity of the judicial system that a judge does not recuse themself on unsupported, irrational or highly tenuous speculation, *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987), and a judge "is as much obliged" to not recuse from a case when "it is not called for," as he is obliged to recuse when recusal is required. *In re Drexel*, 861 F.2d at 1312; *McCann v. Communs. Design Corp.*, 775 F. Supp. 1506, 1522–23 (D. Conn. 1991) ("A judge must be free to make rulings on the merits without the apprehension that if he makes a decision, even a disproportionate number of decisions, in favor of one litigant, he may have created the impression of bias.").

## III.    ANALYSIS

### a.  Recusal

Plaintiff's Motion fails under both statutes. As a threshold matter, Plaintiff has not filed the affidavit required by § 144, nor has he alleged any specific facts that fairly support a contention of personal bias or prejudice. Plaintiff's sole basis for seeking recusal is his disagreement with the Court's prior rulings: the dismissal of his Complaint (Doc. 5) and

the denial of his motion to reopen (Doc. 11). Plaintiff's request for recusal under § 144 is therefore denied.

Plaintiff also does not allege that the undersigned has an extrajudicial bias against him under § 455. Adverse rulings do not establish bias, and a party may not use a recusal motion as a vehicle for challenging rulings that should be addressed through the appellate process. *See Liteky*, 510 U.S. at 555; *United States v. Conforte*, 457 F. Supp. 641, 657 (D. Nev. 1978) (the extrajudicial source requirement exists to prevent "parties from using the claim of partiality as a pretext for judge shopping or challenging adverse rulings of law or fact which should properly be addressed only through the appellate process"). Plaintiff's request for recusal under § 455 is therefore also denied.

### b. Request to "Unstricken" Doc. 8

Plaintiff also requests that the Court "unstricken" Doc. 8, which was stricken and sealed pursuant to the Court's February 18, 2026 Order. (Doc. 11). Plaintiff provides no legal basis for this request and does not identify any change in circumstances or error of law warranting reconsideration of the Court's prior Order. To the extent this request is construed as a motion for reconsideration, it is denied. *See* LRCiv 7.2(g); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (a motion for reconsideration is appropriate only where the court is presented with newly discovered evidence, an intervening change in controlling law, or the need to correct clear error or prevent manifest injustice).

### IV.    CONCLUSION

Plaintiff has not established any basis for recusal under either 28 U.S.C. § 144 or § 455.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED** that Plaintiff's Motion to Have Judge Removed for Misuse of Law (Doc. 12) is denied.

Dated this 18th day of March, 2026.

James A. Teilborg
Senior United States District Judge